**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

ROBERT and S. JANE LOPP,

                    Plaintiffs,

         vs.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, a/k/a
"CIGNA", PRUDENTIAL
INSURANCE COMPANY
OF AMERICA,

                  Defendants.

CV 09-119-M-DWM-JCL

FINDINGS &RECOMMENDATION
OF UNITED STATES
MAGISTRATE JUDGE

_____

## I.    Background

Plaintiff Jane Lopp was an independent contractor with Defendant

Prudential Insurance Company of America ("Prudential") selling that entity's

insurance products.  Prudential is the plan sponsor and administrator of the

"Medical Program For Prudential Representatives," a component of the

"Prudential Welfare Benefit Plan" ("Plan").  Defendant Connecticut General Life

Insurance Company ("CIGNA") acts as the claims administrator for medical

benefits claims under the Plan.

Lopp, together with her husband Robert, asserts the Defendants wrongfully withheld medical benefits to which she was entitled under the Plan.  Lopp advances claims founded on the substantive law of Montana for breach of contract and violations of the Montana Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201, et seq.  Alternatively, Lopp advances claims for relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Lopp seeks to recover the medical benefits to which she claims entitlement under the Plan and recovery of statutory penalties based upon the Defendants' alleged failure to provide Lopp certain documents in violation of 29 U.S.C. §§ 1024(b)(4) and 1132(c).

Presently before the Court are the Defendants' two motions for partial summary judgment.  By way of the first motion, the Defendants seek summary judgment with respect to the claims advanced by the Lopps under Montana law upon the ground those claims are preempted by ERISA.[1]  In the second motion, CIGNA claims entitlement to judgment upon the Lopps' claims for statutory

---

[1] Because Plaintiffs originally named only CIGNA as a Defendant, the motion for summary judgment was filed by CIGNA.  Subsequently, the parties stipulated to the addition of Prudential as a Defendant.  Consequently, the Court treats the motion for summary judgment on the issue of preemption as having been filed by both Defendants.

penalties because such penalties may be awarded only against the plan

administrator, Prudential.

For the reasons detailed below, the Defendants' motion for partial summary

judgment based on ERISA preemption should be denied and CIGNA's motion for

partial summary judgment on statutory penalties should be granted.

## II.   Discussion

### A.   ERISA preemption

ERISA broadly preempts any and all state laws that relate to "any employee

benefit plan."  29 U.S.C. § 1144(a).  Thus, ERISA bars all claims founded in state

law relating to the denial or delay in the attainment of benefits arising under an

ERISA employee benefit plan.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48

(1987).

An employee benefit plan must cover, or have originally covered, at least

one employee to constitute an ERISA benefit plan.  29 C.F.R. § 2510.3-3(b) (a

plan "under which no employee are participants" does not constitute an ERISA

employee benefit plan); *see also Peterson v. American Life & Health Ins. Co.*, 48

F.3d 404, 407 (9th Cir. 1995)).  The existence of an ERISA plan is a question of

fact.  *Credit Managers Association of Southern Calif. v. Kennesaw Life and*

*Accident Ins. Co.*, 809 F.2d 617, 625 (9th Cir. 1987).  Because the Defendants'

claim of ERISA preemption is a federal defense in this case, they bear the burden of proving the Prudential Plan is an ERISA plan.  *See Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

The Lopps concede that ERISA would preempt their state law claims if the Prudential Plan is an ERISA plan.  The Lopps assert, however, that the Defendants have failed to sustain their initial burden on summary judgment in that they have not established that employees of Prudential – as the term "employee" is defined at 29 U.S.C. § 1002(6) – are covered by the Prudential Plan.  They acknowledge that if the Defendants successfully establish Prudential employees are covered by the Plan, their state law claims would have to be dismissed.  In this regard, the Lopps do not dispute that if the Prudential Plan is an ERISA plan, Jane Lopp would be a "beneficiary" of the Plan within the meaning of 29 U.S.C. § 1002(8) – a fact that would operate to bar the Lopps state law claims.[2]  Accordingly, the Defendants' motion for summary judgment based upon ERISA preemption turns on whether the Defendants have established that the Prudential Plan covers  – not just independent contractors like Lopp –  but actual employees of Prudential.

ERISA defines the term "employee" at 29 U.S.C. § 1002(6): [t]he term

---

[2] ERISA defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to benefits thereunder."  29 U.S.C. § 1002(8).

"employee" means any individual employed by an employer.  In *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318 (1992), the Court addressed this limited definition, being called upon to determine whether an independent contractor was an "employee" under ERISA.  The Court adopted a common-law agency test expounding several equally weighted factors to be assessed in determining who qualifies as an "employee" for purposes of ERISA.  *Darden,* 503 U.S. at 323.  The factors include: (1) the skill required; (2) the sources of instrumentalities and tools; (3) location of the work; (4) duration of the relationship between the parties; (5) whether the hiring party has the right to assign additional projects to the hired party; (6) the extent of the hired party's discretion over when and how long to work; (7) the method of payment; (8) the hired party's role in hiring and paying assistants; (9) whether the work is part of the regular business of the hiring party; (10) whether the hiring party is in business; (11) the provision of employee benefits; and (12) the tax treatment of the hired party.  *Darden*, 503 U.S. at 323-24.

The Defendants' original submission in support of their motion for summary judgment failed to adequately establish that Prudential "employees" – within the definition of that term as contemplated by ERISA and explained in *Darden* – were participants in the Plan.  At hearing upon the motion, the Court

afforded the Defendants a second opportunity to file supplemental affidavits

establishing the fact that Prudential "employees" were participants in the Plan.

The Defendants filed the supplemental affidavit of Ellen G. Borak, vice president

of employee benefits for Prudential and a person knowledgeable as to the

eligibility of participants in the Plan.  Dkt. 58.  The operative statements in Ms.

Borak's affidavit read, in total, as follows:

> The Plan provides, amongst other things, medical benefits to eligible
> Prudential employees.  Specifically, the Plan provides coverage for medical
> benefits to full-time Prudential employees, part-time Prudential employees
> working at least twenty hours per week who are not part-time field force
> marketing assistants, and statutory agents.

Dkt. 58 ¶ 2.

The Lopps challenge the sufficiency of Ms. Borak's supplemental affidavit.

As the Lopps accurately note, the affidavit does not contain any information

explaining what Prudential means by the term "employees" in relation to the

common-law agency test expounded by the Court in *Darden*.  Nor does it explain

how the status of these "employees" is different from the independent contractor

status of Jane Lopp.  For instance, are these "employees" compensated on an

hourly or salaried basis versus commission?  Are these "employees" treated

differently for tax purposes than an independent contractor like Jane Lopp?

As the record stands, the Defendants have failed to sustain their initial

burden on summary judgment in establishing the Plan is governed by ERISA because Prudential employees – as defined by common-law – are participants. The Court reiterates that the Defendants, as well as their experienced and competent counsel, know full well the factual information that must be competently attested to in order to establish Prudential employees are, in fact, participants in the Plan.

In conjunction with Ms. Borak's affidavit, Prudential also submitted an authenticated copy of Prudential's Internal Revenue Service Form 5500 – the Annual Return/Report of Employee Benefit Plan for the 2008 tax year as required by 29 U.S.C. § 1023. The Defendants point out that the notes accompanying the financial statements state: "The Plan generally provides health, life, insurance and other benefits to most United States employees and full-time insurance salespersons of the Prudential Insurance Company of America...." These notes, like the text of Ms. Borak's affidavit, do not resolve the issue of whether the term "employees" used by Prudential equates with employees as defined by common-law.

## B.  The Statutory Penalties Under ERISA

The Lopps effectively concede that CIGNA's motion for summary judgment with respect to the Lopps' claims for statutory penalties under ERISA is properly

granted.  The Lopps recognize that if it is ultimately determined, on an appropriately developed record, that this dispute is governed by ERISA, their claims for recovery of the statutory penalties under ERISA can only be made against Prudential, the plan administrator.  Therefore,

IT IS HEREBY RECOMMENDED that the Defendants' Motion for Summary Judgment based on ERISA preemption be DENIED, and Defendant CIGNA's Motion for Summary Judgment regarding Plaintiffs' claims under 29 U.S.C. §§ 1024, 1132(c) be GRANTED.

DATED this 28th day of May, 2010

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge