IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ROBERT and S. JANE LOPP, | ) | CV 09-119-M-DWM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CONNECTICUT GENERAL LIFE | ) | |
| INSURANCE COMPANY, a/k/a | ) | |
| "CIGNA," PRUDENTIAL | ) | |
| INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on May 28, 2010. Judge Lynch recommended granting Defendant Connecticut General Life Insurance Company's ("CIGNA) motion for summary judgment as to as to Plaintiffs' claims under 29 U.S.C. §§ 1024, 1132(c) and denying CIGNA's motion for summary judgment that

-1-

Plaintiffs' state law claims are preempted by ERISA.  CIGNA timely objected on June 24, 2010, and is therefore is entitled to <u>de novo</u> review of those portions of the Findings and Recommendation to which it objected.  28 U.S.C. § 636(b)(1).  The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error.  <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).

    Judge Lynch recommended denying CIGNA's motion for summary judgment that Plaintiffs' state law claims are preempted by ERISA.  While Plaintiffs conceded that ERISA would preempt their state law claims if the plan in question is an ERISA plan, Judge Lynch found CIGNA had not provided sufficient evidence to carry its burden to show the plan is governed by ERISA.  CIGNA objected to this finding, arguing it had met its burden on summary judgment.  The same day CIGNA filed its objections, Defendant Prudential Insurance Company ("Prudential") filed a motion for summary judgment on the ERISA preemption issue and provided additional information to support the claim that the plan in question is governed by ERISA and preempts the state law claims.  On July 15, 2010, Plaintiffs responded to the motion, conceding that it is well-taken and that ERISA does preempt their state law claims.  Therefore, Judge Lynch's Findings and Recommendation on the first motion for summary judgment

is now a moot point, and based on Plaintiffs' concession, Prudential is entitled to summary judgment that Plaintiffs' ERISA claims are preempted.

I find no clear error in Judge Lynch's remaining Findings and Recommendation.  Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #61) are adopted in part as to the claims under 29 U.S.C. §§ 1024, 1132(c), but not as to the first motion for summary judgment regarding ERISA preemption.  CIGNA's motion for summary judgment as to the claims under 29 U.S.C. §§ 1024, 1132(c) (dkt #29) is GRANTED and CIGNA's first motion for summary judgment as to ERISA preemption (dkt #27) is DENIED as moot.

IT IS FURTHER ORDERED that the second motion for summary judgment as to ERISA preemption (dkt #69) is GRANTED.  Plaintiffs' state law claims are preempted by ERISA.

Dated this 20th day of July, 2010.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT